IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**COREY K. JONES**  **PLAINTIFF**
**ADC #180289**

v.  NO. 4:25-cv-00595-KGB-PSH

**WEEKLY**, *et al.*  **DEFENDANTS**

### ORDER

Plaintiff Corey K. Jones, an inmate at the Arkansas Division of Correction's Randall Williams Correctional Facility, filed a *pro se* complaint on June 16, 2025 (Doc. No. 3). His application to proceed *in forma pauperis* has been granted (Doc. No. 4).

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. The Court will not order service of process at this time. Jones alleges that correctional officers Weekly, Anderson, and Sergeant Gunn have retaliated against him and violated his equal protection rights by falsely labeling him a homosexual. Doc. No. 3 at 5-7. The Court needs more information to screen Jones' claims.

First, he has not described enough facts to support a retaliation claim. To succeed on a § 1983 retaliation claim, a plaintiff must prove: (1) that he engaged in a protected activity; (2) that the government official took adverse action against him that would chill a person of ordinary firmness from continuing the activity; and (3) that the adverse action was motivated at least in part by the exercise of the protected activity. *Gonzalez v. Bendt*, 971 F.3d 742, 745 (8th Cir. 2020); *Spencer v. Jackson Cnty.*, 738 F.3d 907, 911 (8th Cir. 2013). Speculative and conclusory, or *de minimis* allegations cannot support a retaliation claim. *See Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996) (per curiam). Jones states that the defendants put his life in danger by labeling him a homosexual, and that they did this "due to a previous lawsuit." Doc. No. 3 at 5. He does not describe that lawsuit, identify the defendants in it, or explain why the defendants in this matter would be motivated to retaliate against him. And he does not state who the defendants allegedly told that he was a homosexual and how this put his life in danger. Jones should provide more facts to support his allegations that these defendants retaliated against him.

Second, Jones also states the defendants did not follow procedure regarding his equal protection rights. Doc. No. 3 at 6. It is not clear why he believes he has been discriminated against or how defendants allegedly discriminated against him. "The heart of an equal protection claim is that similarly situated classes of inmates are treated differently, and that this difference in treatment bears no rational

relationship to any legitimate penal interest." *Weiler v. Purkett,* 137 F.3d 1047, 1051 (8th Cir.1998) (citing *Timm v. Gunter,* 917 F.2d 1093, 1103 (8th Cir.1990)). If Jones intends to state an equal protection claim, he must provide more facts to support it.

Jones is cautioned that an amended complaint renders his original complaint without legal effect; only claims properly set out in the amended complaint will be allowed to proceed. In the event Jones fails to file an amended complaint conforming to this order within 30 days, the undersigned may recommend dismissal of this case. The Clerk of Court is directed to send a blank § 1983 complaint form to Jones.

IT IS SO ORDERED this 21st day of August, 2025.

_____
UNITED STATES MAGISTRATE JUDGE